[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13211
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00044-LGW-JEG

JULIO RAMOS,

Petitioner-Appellant,

versus

WARDEN, FCI JESUP

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 26, 2012)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Julio Ramos appeals the decision of the district court, which construed his habeas corpus petition filed pursuant to 28 U.S.C. § 2241 as a motion to vacate under 28 U.S.C. § 2255, and dismissed the motion as second or successive. After having his initial § 2255 motion denied, Ramos filed the § 2241 petition at issue, in which he alleged that the government's prosecution of him for a drug-trafficking conspiracy had violated a treaty between the United States and the Dominican Republic, Ramos's home country. On appeal, he argues that § 2241 was the proper procedural vehicle for his claim because § 2241 provided the exclusive remedy for violations of a treaty, and that the district court should not have construed it as a § 2255 motion and dismissed it as second or successive. After thorough review, we affirm.

"When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo." Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009). We review de novo a district court's dismissal of a § 2255 motion as second or successive. McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002). Although we generally construe pro se pleadings liberally, the party abandons any issues not raised on appeal. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

A federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2241 of Title 28 provides that the writ of habeas corpus extends to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This language is mirrored in 28 U.S.C. § 2254(a), which provides for habeas relief for state prisoners. 28 U.S.C. § 2254(a).

Any challenge to the execution of a sentence, rather than the validity of the sentence itself, should be brought under § 2241, not § 2255. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Although the language of § 2255 does not provide for challenges based on alleged treaty violations, the Supreme Court has held that "there can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal habeas corpus statute," which provides for relief when a person is in custody in violation of, inter alia, the treaties of the United States. Davis v. United States, 417 U.S. 333, 344 (1974). We also have noted that the grounds for relief for non-constitutional violations under § 2254, which includes treaty violations, are equivalent to those encompassed by § 2255. Adams v. Lankford, 788 F.2d 1493, 1495 n.4 (11th Cir. 1986) (citing Davis, 417 U.S. at 344).

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), requires that, before a second or successive motion is filed, the movant first must obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without this authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). We will generally look beyond the label of motions filed by pro se inmates to interpret them under whatever statute would provide relief. Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000).

Under § 2255(e), a federal prisoner who is otherwise barred from filing a second or successive motion to vacate may challenge his custody in a § 2241 petition if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Although we have not fully defined the scope of the § 2255(e) savings clause, we have noted that the savings clause may permit claims under § 2241 that a prisoner was convicted of a nonexistent crime based on a retroactively applicable Supreme Court decision. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). However, in an en banc decision, we noted that this statement was "only dicta" because all of Wofford's claims were sentencing claims that could have been presented at trial or on appeal. Gilbert v. United States, 640 F.3d 1293,

4

1319 (11th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 1001 (2012).  Regardless, a § 2241 habeas petition may not be used to avoid the restrictions on second or successive § 2255 motions when a prisoner failed to raise the claim at an earlier stage. Wofford, 177 F.3d at 1245.

Here, the district court did not err by construing Ramos's filing as a § 2255 motion and dismissing it as second or successive.  Ramos filed an unsuccessful § 2255 motion prior to filing the § 2241 petition at issue here.  Although captioned as a § 2241 petition, Ramos seeks to challenge the validity of his convictions and sentences, not the execution of his sentences, and, therefore, the motion is properly characterized as a § 2255 motion.  See Antonelli, 542 F.3d at 1352.  We recognize that the language of § 2255 does not provide expressly for challenges to convictions and sentences based on alleged treaty violations; however, the Supreme Court has concluded that the grounds for relief under § 2255 mirror those available under § 2254, which permits challenges based on treaty violations.  See Davis, 417 U.S. at 344.  Therefore, Ramos's statutory interpretation argument is without merit.

Further, Ramos's reliance on Darby and Noriega is misplaced.  In Darby v. Hawk-Sawyer, 405 F.3d 942 (11th Cir. 2005), we declined to decide whether § 2241 provided the exclusive remedy for alleged treaty violations.  See id. at 946. Therefore, Darby does not help Ramos's argument.  Ramos also cannot rely on

5

<u>Noriega v. Pastrana</u>, 564 F.3d 1290 (11th Cir. 2009), because <u>Noriega</u> was not challenging the validity of his conviction or sentence, so § 2255 would have been an inappropriate procedural vehicle to obtain the relief sought. <u>See</u> <u>id.</u> at 1293-94. In contrast, as discussed above, § 2255 is the appropriate procedural vehicle for Ramos's claims because Ramos is challenging his conviction and sentence. Accordingly, we affirm.[1]

    **AFFIRMED.**

---

[1] In addition, Ramos has abandoned any argument that he was entitled to file a § 2241 petition under the savings clause in § 2255(e) and <u>Wofford</u> because he did not raise that issue on appeal. <u>See</u> <u>Timson</u>, 418 F.3d at 874.

6

MARTIN, Circuit Judge, concurring:

I agree with the majority's conclusion that the district court did not err in construing Mr. Ramos's § 2241 petition as a § 2255 motion and dismissing it as second or successive. I write separately only to emphasize, as the majority recognizes, that "we have not fully defined the scope" of the savings clause in 28 U.S.C. § 2255(e). I can conceive of circumstances in which § 2241 is appropriate to address a federal prisoner's treaty violation claim. See, e.g., Garza v. Lappin, 253 F.3d 918, 921–23 (7th Cir. 2001) (recognizing that § 2255 was inadequate remedy within the meaning of the savings clause, thus ban on successive § 2255 motions did not preclude federal prisoner from filing § 2241 petition raising treaty claim that was not available until after first § 2255 motion was denied). However, Mr. Ramos's is not one of those cases. He has not demonstrated that his treaty based claim was unavailable at the time he could have raised it at trial, appeal, or in his first § 2255 motion.