[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10272
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00136-LGW-JEG


BENJAMIN C. PRICE,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
WARDEN, FCI JESUP,

                                                        Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 6, 2014)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Benjamin Price, a federal prisoner, appeals *pro se* the dismissal of his 28 U.S.C. § 2241 petition, filed pursuant to the 28 U.S.C. § 2255(e) savings clause. On appeal, Price argues that his Armed Career Criminal Act ("ACCA") claim in regard to his 1996 Indiana conviction for reckless conduct was not properly reviewed in Price's original 28 U.S.C. § 2255 motion. Price concludes that his § 2255 motion was ineffective and inadequate and allowed Price to file this instant motion under the savings clause of § 2255(e). Price also argues that he did not receive effective assistance of counsel in connection with his decision to plead guilty, presumably to the 1996 Indiana conviction.

We review *de novo* the availability of relief under § 2241. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a motion, under § 2255, in the district of conviction. 28 U.S.C. § 2255; *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, unless it also appears that the remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) (explaining that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so). If a petitioner

2

files a § 2255 motion and it is denied, he may not circumvent the restriction on second or successive § 2255 motions simply by filing a petition under § 2241. *Antonelli*, 542 F.3d at 1351-52.

We have interpreted the exception in § 2255(e), commonly referred to as the "savings clause," to apply when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. *Sawyer*, 326 F.3d at 1365. We further have held that a sentencing claim involving the statutory maximum may pass muster under the savings clause if the claim is based on a retroactively applicable Supreme Court decision and the decision overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it in the trial court, on direct appeal, or in his first § 2255 motion. *Williams v. Warden*, 713 F.3d 1332, 1343 (11th Cir. 2013). The petitioner bears the burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir.), *cert. denied*, No. 12-10422, __ U.S. __ (U.S. June 24, 2013).

Under the ACCA, a defendant is subject to a 15-year statutory minimum sentence where he both violated § 922(g) and has three distinct prior convictions for a violent felony, serious drug offense, or both.  18 U.S.C. § 924(e)(1).  Section 924(e) defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

*Id.* § 924(e)(2)(B).  The residual clause of § 924(e)(2)(B)(ii) encompasses any crime in which "the risk posed . . . is comparable to that posed by its closest analog among the enumerated offenses."  *United States v. Gandy*, 710 F.3d 1234, 1237 (11th Cir. 2013) (quoting *James v. United States*, 550 U.S. 192, 203, 127 S. Ct. 1586, 1594 (2007)).

In *Begay v. United States*, the Supreme Court held that the term "violent felony" in the ACCA did not apply to "every crime that presents a serious potential risk of physical injury to another," but only to crimes that are "roughly similar, in kind as well as in degree of risk posed," to the examples listed in the ACCA, namely burglary, arson, extortion, or crimes involving the use of explosives.  553 U.S. 137, 142-43, 128 S. Ct. 1581, 1584-85 (2008).  The Supreme Court stated that

4

the enumerated crimes typically involve purposeful, violent, and aggressive conduct. *Id.* at 144-45, 128 S. Ct. at 1586. Therefore, the Court concluded that New Mexico's crime of driving under the influence did not qualify as a violent felony under the residual clause of the ACCA. *Id.* at 148, 128 S. Ct. at 1588.

In *Sykes v. United States*, the Supreme Court held that an Indiana offense of knowingly or intentionally fleeing from a law enforcement officer in a vehicle constituted a violent felony under the residual clause of the ACCA. 564 U.S. __, __, 131 S. Ct. 2267, 2270-77 (2011). The Supreme Court compared this offense to the ACCA enumerated offenses and determined that vehicle flight is akin to arson and burglary because vehicle flight poses a danger of collateral damage to others and creates a risk of violent confrontation with the police. *Id.* at ___, 131 S. Ct. at 2273-75.

To determine whether a prior conviction qualifies as a violent felony, generally we use a categorical approach that looks only to the fact of conviction and the statutory definition of the prior offense and does not generally consider the particularized facts disclosed by the record of conviction. *Turner*, 709 F.3d at 1335. However, when the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, the modified categorical approach permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record, including charging

5

documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms. *Id.*

Here, as a preliminary matter, Price could have raised any ineffective assistance of counsel claim in his original § 2255 motion, and thus Price may not raise such a claim in a § 2241 petition. *See Antonelli*, 542 F.3d at 1351, 1352 n.1.

As for Price's ACCA claim, Price's original § 2255 motion was not inadequate or ineffective within the statutory meaning of § 2255(e). Price received his one procedural opportunity to raise his claim when he raised the same ACCA sentencing claim in his unsuccessful § 2255 motion in the Northern District of Indiana. *See Williams*, 713 F.3d at 1343; *Antonelli*, 542 F.3d at 1351, 1352 n.1. Furthermore, the Northern District of Indiana and the Seventh Circuit each fully considered the relevant and then-current law when they determined that Price's prior Indiana convictions for criminal recklessness qualified as violent felonies under the ACCA. Even after *Begay* and *Sykes*, Price's 1996 Indiana conviction qualified as a violent felony because, based on the pertinent documents and the modified categorical approach, Price intentionally fired a shotgun in a manner that created a serious risk of injury to another person. Price has not identified any circuit authority that frustrated and squarely foreclosed his opportunity to raise his claim in the trial court, on direct appeal, and in § 2255 proceedings. Therefore,

6

Price has not met his burden to show that the § 2255 savings clause permitted Price to file the instant § 2241 motion.

AFFIRMED.