[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 1, 2006
THOMAS K. KAHN
CLERK

No. 04-11251
_____

D. C. Docket No. 88-01007-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE BUD REED, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 1, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

Willie Bud Reed appeals the district court's order denying his motion to correct

illegal sentence, filed pursuant to Fed. R. Crim. P. 35, based on the court's

determination that the motion was an attempt by Reed to file an impermissible successive habeas petition under 28 U.S.C. § 2255. Because Reed's motion to correct was untimely, we affirm.[1]

The procedural history, which spans eighteen years may be summarized as follows. On August 23, 1988, Reed was convicted, after a jury trial, of conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 420 months' imprisonment. On direct appeal, we affirmed his conviction and sentence. He subsequently filed a pro se motion to correct sentence, pursuant to 28 U.S.C. § 2255, alleging various sentencing errors, numerous instances of ineffective assistance of trial and appellate counsel, and that he was denied his right to be represented at trial by counsel of his choice. The district court denied the petition and we affirmed. In rejecting Reed's arguments concerning his ineffective-assistance claims, we observed that the trial evidence of Reed's involvement in the charged crimes was "overwhelming" and, therefore, Reed could not satisfy the "prejudice" prong of the test for ineffective assistance of counsel espoused in Strickland v. Washington, 466 U.S. 668, 686 (1984). See Reed v. United States, No. 00-13394 (11th Cir. Sep. 14, 2001) (unpublished).

---

[1] We DENY Reed's pro se motion for appointment of new counsel.

2

Reed then filed the following, all of which the district court denied as successive § 2255 petitions: a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b); two motions to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e); and a petition for writ of coram nobis. Reed also sought transfer of his Rule 60(b) motion to this Court, pursuant to 28 U.S.C. § 1631, which was denied. Reed filed unsuccessful appeals from these decisions.

On February 4, 2004, Reed filed the instant motion, this time proceeding under Fed. R. Crim. P. 35(a), raising three arguments: (1) a 35-year term of imprisonment without parole was illegal under the laws in place at the time the crime of conviction occurred; (2) he was improperly denied good-time credit, pursuant to 18 U.S.C. § 3624, because his offense occurred between October 1, 1987 and December 31, 1987; and (3) the fact that his sentence did not provide for the possibility of parole violated ex post facto principles. The district court construed the Rule 35(a) motion as a successive § 2255 motion and denied it. The district court also denied a certificate of appeal ("COA") for this appeal. Thereafter, Reed filed a Notice of Appeal ("NOA") from the denial of his Rule 35(a) motion. He has not requested, nor obtained, a COA from this Court to proceed on appeal.

In the instant request, Reed sought modification of his sentence. "[A]side from the specific parameters set forth by the federal statutory provisions controlling

3

sentencing, as well as the Federal Rules of Criminal Procedure," district courts do not have the authority to modify a sentence. See United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). Modification of an imposed term of imprisonment is governed by 18 U.S.C. § 3582(b), which provides, inter alia, for correction of a sentence of imprisonment pursuant to the provisions of Rule 35. See 18 U.S.C. § 3582(b)(2).

The 1987 version of Rule 35(a) provided that "the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35(a) (1987). The "time provided herein for the reduction of sentence" referred to the timing requirements in Fed. R. Crim. P. 35(b), which allowed a sentence reduction

> within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment or conviction or probation revocation.

Fed. R. Crim. P. 35(b)(1987).

Rule 35(a), as amended on November 1, 1987, as part of the Sentencing Reform Act of 1984,[2] permitted correction of a sentence upon remand from the court of appeals:

> (a) Correction of a Sentence on Remand. The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court.

Fed. R. Crim. P. 35(a) (2002). Additionally, the amended version of Rule 35 allowed a district court to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error" within 7 days after the imposition of sentence. Fed. R. Crim. P. 35(c) (2002). Finally, on December 1, 2002, the rule was amended again to incorporate stylistic changes to the Federal Rules, and the seven-day limit that was previously in subsection (c) was moved to subsection (a). See Fed. R. Crim. P. 35(a) (2006); Fed. R. Crim. P. 35 advisory committee's note (noting that the former Rule 35(c) was moved to Rule 35(a)).[3] We may affirm the district court's judgment on any

---

[2]"The effective date of the Sentencing Reform Act of 1984, Pub. L. 98-473, 98 Stat. 1837, 1987 (1984) was set out in Sec. 235(a)(1), which provided for the Act to take effect on November 1, 1987. Pub. L. 98-473, Title II, Ch. II, Sec. 235(a)(1), October 12, 1984, 98 Stat. 2031, as amended by Section 4 of Pub. L. 99-217, December 26, 1985, 99 Stat. 1728." United States v. Terzado-Madruga, 897 F.2d 1099, 1123 (11th Cir. 1990).

[3] We have held that the seven-day requirement is jurisdictional. Diaz-Clark, 292 F.3d at 1317 (discussing former Rule 35(c)). The parties do not address the effect, if any, of the Supreme Court's recent decision in Eberhart v. United States, 126 S. Ct. 403, 407 (2005), in which the Court held that the seven-day time limitation in Fed. R. Crim. P. 33(a) is a "claims-processing rule" rather

ground that appears in the record, whether or not that ground was relied upon or even considered by the court below. See Spaziano v. Singletary, 36 F.3d 1028, 1041 (11th Cir. 1994).

The evidence presented at trial established Reed's involvement in the substantive offense of possessing with intent to distribute cocaine base from October 1, 1987 until December 31, 1987, and a conspiracy to commit same until April 6, 1988. As his crime began prior to the effective date of the Sentence Reform Act of 1987, but ended after the effective date, Reed was sentenced pursuant to the Sentencing Guidelines. Cf. United States v. Pippin, 903 F.2d 1478, 1480-81 (11th Cir. 1990) (concluding that "Congress intended for the Guidelines to be used both for offenses commenced after November 1, 1987 and offenses begun before but not completed until after that date"). Accordingly, it is plain that the pre-November 1, 1987 version of Rule 35(a) is inapplicable to Reed's situation. Cf. United States v. Jordan, 915 F.2d 622, 624 (11th Cir. 1990) (holding that 1987 version of Rule 35(a) providing for correction of sentence "at any time" was inapplicable to defendant sentenced under the Sentencing Reform Act of 1984).

---

than a jurisdictional bar. In any event, because the government asserts that Reed's motion to correct was untimely, the instant case is distinguishable from Eberhart, in which the government did not assert the time bar in response to defendant's untimely motion for a new trial.

Moreover, we need not decide whether it is appropriate to use the version of Rule 35 in effect at the time Reed was sentenced or the version in effect currently, because both contain the seven-day restriction. Reed did not file his motion to correct sentence within the seven days prescribed by the rule and therefore it was untimely. At this late date, almost eighteen years after Reed's sentence was imposed, we readily conclude the district court did not err by denying Reed's untimely Rule 35(a) motion.[4]

**AFFIRMED.**

---

[4] We are obliged to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework. United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Even if we were to construe Reed's Rule 35 motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, he would still not be entitled to relief. Reed had previously filed at least one § 2255 motion, and he did not obtain our permission to file a successive motion. See 28 U.S.C. § 2244(b)(3)(A) (noting "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); cf. United States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004) (construing a motion filed under Rule 35 as a habeas petition and denying the petition because it failed to comply with the one-year period of limitations contained in § 2255). Moreover, to the extent he asserts an argument pursuant to Blakely v. Washington, 542 U.S. 296 (2004), a claim based on that case is not retroactively available on collateral review. See Varela v. United States, 400 F.3d 864, 866-67 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005).