[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12362
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-20416-CMA

WILLIE BUD REED, JR.,

Petitioner – Appellant,

versus

R.C. CHEATHAM, WARDEN,

Respondent – Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 19, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Willie Bud Reed, Jr., a federal prisoner proceeding *pro se*, appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2241, which challenged the validity of his sentence for conspiracy to possess cocaine base with the intent to distribute, the denial of parole, and the computation of his good-time credits.  After reviewing the record and the parties' briefs, we affirm.

**I**

The procedural history of this case spans a period of more than 25 years, the majority of which is described in *United States v. Reed*, 194 Fed. App'x. 731, 732-33 (11th Cir. Sept. 1, 2006).  Although we need not fully recount that history here, we will briefly summarize the facts that are relevant to the disposition of this appeal.

On August 23, 1988, a jury convicted Mr. Reed of possession of more than fifty grams of cocaine base with the intent to distribute and conspiracy to commit the same in violation of 21 U.S.C. §§ 841(a) and 846.  The district court sentenced him to 420 months in prison on each count, with those terms to run concurrently, and five years of supervised release.  On direct appeal, we affirmed Mr. Reed's convictions and sentence.

In 1997, Mr. Reed filed his first habeas petition under 28 U.S.C. § 2255, raising several challenges to his conviction.  The district court denied the petition on the merits, and we affirmed.  Thereafter, Mr. Reed brought several collateral

2

attacks on his convictions and sentence, all of which were dismissed as improper attempts to file successive § 2255 motions and affirmed on appeal.

In *Reed*, 194 Fed. App'x 731, an appeal from one such collateral attack, Mr. Reed raised substantially the same claims he presents in this case. Specifically, Mr. Reed filed a motion under Rule 35(a) of the Federal Rules of Criminal Procedure claiming that: (1) his 35-year sentence was illegal because, under the pre-Sentencing Guidelines regime, the maximum penalty for his conspiracy offense was 15 years; (2) he was improperly denied good-time credits; and (3) the denial of the possibility of parole constituted an *ex post facto* violation. The district court construed the Rule 35(a) motion as an improper second or successive § 2255 motion and dismissed it.

Mr. Reed appealed the dismissal, arguing that Rule 35(a) was the appropriate vehicle for challenging his illegal sentence because an older version of the Rule[1] permitted district courts to correct an illegal sentence at any time. We

---

[1] Prior to November 1, 1987, Rule 35(a) provided that:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed.R.Crim.P. 35(a)(1987). The "time provided herein for the reduction of sentence" referred to the timing requirements in Fed.R.Crim.P. 35(b), which allowed a sentence reduction within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment or conviction or probation revocation.

3

affirmed the district court's ruling but on a different ground. We held that the former version of Rule 35(a) "was inapplicable to [Mr.] Reed's situation" because he was sentenced under the Sentencing Guidelines. *See Reed*, 194 Fed. App'x. at 734. We concluded that under a more current version of Rule 35(a), Mr. Reed was required to file his motion within seven days of the imposition of his sentence, and affirmed on the basis of untimeliness. *Id.*

In 2012, Mr. Reed filed a § 2241 habeas petition. The district court construed the application as a successive § 2255 motion and dismissed the petition for lack of subject-matter jurisdiction due to Mr. Reed's failure to obtain permission from this Court prior to pursuing a second § 2255 motion. That case is currently before this Court on appeal. *See Reed v. Warden*, No. 12-22141 (S.D. Fla. Apr. 26, 2013), *appeal docketed*, No. 14-11418 (11th Cir. Apr. 1, 2014).

In February of 2014, after numerous other attempts to overturn his sentence, Mr. Reed filed the present § 2241 petition, seeking to revisit our ruling in *Reed*. He asserted that (1) he was entitled to relief under former Rule 35(a), with respect to his conspiracy offense, because we erroneously applied the post-1987 version of the Rule; (2) the law-of-the-case doctrine did not apply because in *Reed* we did not

---

*Reed*, 194 F. App'x at 733. Rule 35(a) was amended by the Sentencing Reform Act of 1987, Pub. L. 98-473, § 215(b), 98 Stat. 1987, 2014 (1984) ("SRA"). Subsequent to the 1987 Act, Rule 35(a) was again amended to include a seven-day limit on Rule 35(a) motions. *See Reed*, 194 F. App'x at 733-734.

explicitly or by necessary implication decide the issues presented in this case; and (3) he was entitled to parole and resentencing under the November 18, 1988, amendments to the Sentencing Reform Act for his conspiracy conviction.

The magistrate judge construed Mr. Reed's § 2241 habeas petition as an unauthorized second or successive § 2255 motion and recommended that it be dismissed for lack of jurisdiction because Mr. Reed had not applied for or received the requisite permission from this Court. *See* D.E. at 4. The magistrate judge further ruled that even if the district court addressed the merits of the petition, Mr. Reed could not satisfy the requirements of the "savings clause" of § 2255(e) as outlined in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999).

Mr. Reed objected to the magistrate judge's report "to the extent that the [m]agistrate ha[d] failed to acknowledge, or simply overlooked, the fact that [he] ha[d] expressly challenged the execution of his sentence." D.E. 5 at 1. The district court overruled Mr. Reed's objections, adopted the magistrate judge's report, and ruled that Mr. Reed's "arguments regarding his parole and the availability of credit for time served [we]re challenges to the validity of the sentence imposed, not challenges to the execution of his sentence by the Bureau of Prisons." D.E. 7 at 3.

Mr. Reed timely appealed the district court's order. On appeal, he argues that his claims regarding the denial of parole and the calculation of his good-time

5

credits were properly raised in his § 2241 petition as attacks on the execution of his sentence.

## II

We review the denial of a § 2241 habeas petition *de novo*.  *See Bowers v. United States Parole Comm'n, Warden*, 760 F.3d 1177, 1183 (11th Cir. 2014). "We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below."  *Spaziano v. Singletary,* 36 F.3d 1028, 1041 (11th Cir. 1994) (quoting *Powers v. United States,* 996 F.2d 1121, 1123-24 (11th Cir.1993)).

## III

In his current § 2241 petition, Mr. Reed sought to have the district court reconsider our 2006 decision in *Reed*.  He argued that, because former Rule 35(a) permitted a prisoner to challenge an illegal sentence at any time, his motion was timely.  D.E. 1 at 12.  Mr. Reed asserted that we had mistakenly applied the post-1987 version of the rule to his offense, failing to recognize that his involvement in the conspiracy ended on April 6, 1988, which was before the Sentencing Guidelines were extended to conspiracy offenses on November 18, 1988.  *See* Anti-Drug Abuse Act of 1988, Pub. L. 100-690, § 6470, 102 Stat. 4377 (1988) ("ADAA").  Mr. Reed's arguments are not only incorrect, but they also are barred by the law of the case doctrine.

"The [law of the case] doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal." *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).  In *Reed*, we explicitly ruled as follows:

> The evidence presented at trial established Reed's involvement in the substantive offense of possessing with intent to distribute cocaine base from October 1, 1987 until December 31, 1987, and a conspiracy to commit the same until April 6, 1988.  As his crime began prior to the effective date of the Sentencing Reform Act of 1987, but ended *after* the effective date, Reed was sentenced pursuant to the Sentencing Guidelines. Congress intended for the Guidelines to be used both for offenses commenced after November 1, 1987 and offenses begun before but not completed until after that date.  Accordingly it is plain that the pre-November 1987 version of Rule 35(a) is inapplicable to Reed's situation.

*Reed*, 194 Fed. App'x at 734 (citations and quotations omitted).  Because we previously decided the issue of which version of Rule 35(a) applied to the conspiracy offense, Mr. Reed is precluded from relitigating the issue here.

Even if we were to reach the merits, Mr. Reed is still not entitled to relief. Although it is true that certain provisions of the SRA were not extended to conspiracy and attempt offenses until November 18, 1988, the changes were not as wide-ranging as Mr. Reed thinks.  The 1988 amendments merely extended the *mandatory minimum penalties* of the SRA to conspiracy and attempt offenses. *See United States v. Rush*, 874 F.2d 1513, 1514-15.  *See also* ADAA, Pub. L. 100-690, § 6470, 102 Stat. 4377 (1988).  The majority of the SRA's provisions, including

the abolition of former Rule 35(a), became effective on November 1, 1987. *See United States v. Jordan*, 915 F.2d 622, 624 (11th Cir. 1990). Because former Rule 35(a) was no longer in effect at the time Mr. Reed was convicted, he cannot take advantage of its more favorable time limits.

## IV

Federal courts "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Jordan*, 915 F.2d at 624-25. "In particular, federal courts have recognized that claims presented under the previous version of Rule 35(a) are also frequently cognizable under 28 U.S.C. § 2255 as well." *Id*. at 625 (citations omitted). Thus, we review whether the district court properly construed Mr. Reed's claim as a second or successive § 2255 motion.

It is well established that "collateral attacks on the validity of a federal sentence must be brought under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005). When a prisoner has previously filed a § 2255 motion, he must apply in the appropriate court of appeals "for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3). Under limited circumstances, however, a prisoner may use § 2241 as a vehicle to challenge his conviction if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Id.* at § 2255(e). A prisoner may also file a § 2241 petition to

8

challenge the execution of his sentence.  *See Antonelli v. Warden, U.S.P. Atlanta,* 542 F.3d 1348, 1351 (11th Cir. 2008).

Mr. Reed argues that the district court incorrectly dismissed his §2241 petition as an unauthorized § 2255 motion because he is challenging the execution, as opposed to the validity, of his sentence.  We disagree.  Mr. Reed's quarrel is with the sentencing court rather than the Bureau of Prisons.

It was the district court, not the BOP, which imposed a non-parolable 420-month term of imprisonment on Mr. Reed.  Indeed, the sentencing court pronounced the sentence "pursuant to the [S]entencing [R]eform [A]ct of 1984 as well as all subsequent amendments thereto."  *United States v. Reed*, No. 88-01007, D.E. 621 at 18 (N.D. Fla. April 17, 1997).  The BOP lacks the power to alter a sentence, and must administer the terms of imprisonment as imposed by the sentencing court.  Thus, any challenges to the denial of parole or the fact that good-time credits are calculated under the post-SRA laws are necessarily an attack on the legality of Mr. Reed's sentence.[2]

---

[2] We recognize that challenges regarding the calculation of good-time credits are traditionally brought under § 2241.  *See Antonelli*, 542 F.3d at 1352.  *See also Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1282 (11th Cir. 2014) ("[A] challenge to good-time credits 'fell squarely within the traditional scope of habeas corpus.'").  In traditional cases, however, prisoners generally challenge the BOP's decision in awarding good-time credits.  As discussed above, because the sentencing court imposed Mr. Reed's sentence under the Sentencing Guidelines, the BOP lacked discretion in determining which "good time credit provision" applied to his sentence.  Accordingly, Mr. Reed's challenge goes to the sentencing court's application of the Sentencing Guidelines. A § 2255 motion is the appropriate vehicle for such a collateral attack.

Mr. Reed acknowledged as much in his petition.  His requested form of relief is not the grant of good-time credits, but vacatur of his sentence and resentencing under the pre-SRA laws.  *See* D.E. 1 at 11, 14-15 ("Resentencing, here, is appropriate, albeit from an Old Law Rule 35(a) motion . . . . Petitioner . . . request[s] this Court grant the petition and relief by vacating the entire sentence on both counts, and fix a sentence commensurate with the laws.").  As such, the district court properly treated Mr. Reed's petition as a § 2255 motion and correctly dismissed it for lack of subject-matter jurisdiction because he failed to obtain permission from this Court before filing it.[3]

## V

For the reasons set forth above, we conclude that Mr. Reed's claims are barred by the law of the case doctrine.  We also conclude that the district court did not have subject-matter jurisdiction to entertain Mr. Reed's § 2241 petition because it qualified as a second or successive § 2255 motion.

**AFFIRMED.**

---

[3] Consequently, Mr. Reed's only avenue of relief is through the so-called savings clause of § 2255(e).  In his brief on appeal, however, Mr. Reed fails to raise any arguments claiming entitlement to such relief.  Thus, he abandoned this claim.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (citations omitted).