[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 17, 2008
THOMAS K. KAHN
CLERK

No. 08-10608
Non-Argument Calendar

_____

D. C. Docket No. 07-01439-CV-JEC-1

MICHAEL C. ANTONELLI,

Petitioner-Appellant,

versus

WARDEN, U.S.P. ATLANTA,
UNITED STATES PAROLE COMMISSION,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 17, 2008)**

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

This case requires us to decide whether a federal prisoner must obtain permission from this court to file a second or successive petition for habeas corpus relief under 28 U.S.C. § 2241. We conclude he does not, but we nonetheless affirm the district court's dismissal of the petition.

Michael Antonelli, a federal prisoner proceeding pro se, asks us to reverse the district court's dismissal of his habeas corpus petition. Antonelli, convicted of bank fraud in 1978 and sentenced to 22 years imprisonment, sought habeas relief in the district court under 28 U.S.C. § 2241, alleging he was denied certain credits toward his sentence to which he was entitled. Specifically, he claimed the United States Parole Commission erroneously denied him credit for an eight month period of federal parole in 1994 during which he committed two other offenses in Cook County, Illinois. He eventually pled guilty to these state crimes (criminal trespass and DUI), but now contends the convictions were unconstitutional because his guilty pleas were uncounseled. He sought, among other things, (i) an order vacating the DUI and criminal trespass convictions and (ii) an eight month reduction in his sentence, reflecting the time served on parole during which he committed the offenses in Illinois.

Antonelli previously filed a § 2241 habeas petition in the Eastern District of

2

Arkansas alleging the same grounds for relief. The earlier petition was rejected on the merits, and the rejection was affirmed on appeal by the Eighth Circuit in an unpublished disposition.

The district court, adopting a magistrate judge's report and recommendation, dismissed the instant petition for two reasons: first, that Antonelli had not obtained permission from this court to file a second or successive petition, as required by 28 U.S.C. § 2244(b)(3), and alternatively, that the petition failed on the merits because it is either successive or abusive. Because the § 2244(b) gatekeeping requirement implicates the district court's jurisdiction to entertain the petition at all, see, e.g., Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003), we address it first.

As the government concedes, the district court's first reason for dismissing the petition was erroneous. The gatekeeping scheme of § 2244(b)(3) does not apply to § 2241 petitions by federal prisoners. By its terms, the gatekeeping requirement applies only to "a second or successive application permitted by this section," 28 U.S.C. § 2244(b)(3)(A), that is, "a second or successive habeas corpus application under section 2254." 28 U.S.C. § 2244(b)(2). There is simply no basis in the statutory text for extending the gatekeeping requirement to federal prisoners entitled to proceed under § 2241.

3

Four circuits have considered whether second or successive § 2241 petitions are subject to gatekeeping requirements, but in slightly different contexts. They are generally in agreement. First, the Seventh Circuit in the case of <u>Valona v. United States</u>, 138 F.3d 693, 694-95 (7th Cir. 1998), considered the issue in circumstances similar to those presented here: a convicted federal prisoner challenging a parole determination under § 2241, after previously seeking relief under § 2255. The court concluded no gatekeeping was required for collateral attacks by a federal prisoner that "do not address the conviction or sentence." <u>Id.</u> at 695. Other circuits have held that § 2241 petitioners filing second or successive petitions for relief from deportation, <u>Zayas v. INS</u>, 311 F.3d 247, 255-56, (3d Cir. 2002), or from extradition, <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000), need not obtain prior appellate approval. The important point to derive from these cases is that the above types of petitioners – federal prisoners challenging the execution of their sentence, and persons in federal custody awaiting either deportation or extradition – raise claims which, if they are to succeed, must do so under § 2241, not § 2255.

Nor does <u>Rittenberry v. Morgan</u>, 468 F.3d 331 (6th Cir. 2006), suggest a contrary result. In that case, the Sixth Circuit held that some § 2241 petitions are subject to gatekeeping under § 2244(b). But any appearance of conflict is illusory.

4

In Rittenberry, unlike the other three cases cited supra, the prior petition was filed under § 2254. Then, the state prisoner simply filed successive claims, nominally under § 2241, that sought to collaterally attack his judgment of conviction. In other words, the petitioner sought to avoid the procedural strictures of § 2254 by captioning his petition "2241." Subjecting such petitions to gatekeeping is not inconsistent with the above-cited authority, nor with the logic of our own cases. Our cases hold that a prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241. See Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003) (state prisoner cannot avoid restrictions on § 2254 petitions "simply by writing '§ 2241' on his petition for federal post-conviction relief"); Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (§ 2244(d) statute of limitations applies to § 2241 petitions by state prisoner in custody after parole revocation); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (federal prisoner may not circumvent bar on successive § 2255 petitions by filing under § 2241). In other words, the cases in this circuit consistently recognize that prisoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255, however their petition is captioned, but persons challenging detention that is not pursuant to a judgment,

5

or challenging the execution of their sentence, need not.[1]  The reasoning of these cases suggests that a prisoner may not avoid gatekeeping under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a sentence.

Here, Antonelli's petition is properly brought pursuant to § 2241.  A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole Commission.  Hajudk v. United States, 764 F.2d 795, 796 (11th Cir. 1985) (ordering a jurisdictional dismissal of a § 2255 motion challenging Parole Commission decision).  This is because challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.

---

[1] Members of this court have disagreed in the past concerning the relationship between § 2241 and § 2254.  Specifically, they have disagreed about whether the two statutes embody distinct remedies, and thus whether a state prisoner may avoid the procedural restrictions on § 2254 petitions by filing under § 2241.  Compare Thomas v. Crosby, 371 F.3d 782, 785-88 (11th Cir. 2004) (Black, J.) (citing Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003)) with id. at 802-811 (Tjoflat, J., concurring specially).  There is no such dispute concerning federal prisoners.  It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper.  See United States v. Jordan, 915 F.2d 622 (11th Cir. 1990) (citation omitted); see also Medberry, 351 F.3d at 1056-57 (discussing history of § 2255).  It is also clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so.  28 U.S.C. § 2255(e); see also Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).  Hence, the domains of the different collateral remedies are more clearly distinct for federal prisoners than their state counterparts.  Accordingly, it is uncontroversial that federal prisoners cannot avoid the procedural restrictions on § 2255 motions by changing the caption on their petition to § 2241.  Cf. Hawk-Sawyer, 405 F.3d at 945.  A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.

See Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000) (citations omitted).

Because Antonelli's petition raises claims cognizable under § 2241 but not § 2255, it was not subject to gatekeeping in this court, and the district court had jurisdiction to entertain it.  Hence, the dismissal for failure to obtain prior appellate permission to file was erroneous.  Nonetheless, the district court is due to be affirmed on its alternate rationale: the petition's claims are successive. Successive § 2241 petitions by federal prisoners are subject to threshold dismissal in the district court because

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).[2]  Antonelli's claims that his Illinois convictions are constitutionally infirm has been previously adjudicated on the merits by the Arkansas habeas court and affirmed on appeal by the Eighth Circuit.  His current petition for habeas corpus was therefore successive, and properly dismissed by the

---

[2] At first glance, one might conclude from the proviso ("except as provided in section 2255") that § 2241 petitions by federal prisoners are indeed subject to gatekeeping via § 2255(h), which is the only provision of § 2255 addressing the fate of successive motions to vacate. But § 2255(h), by its terms, applies only to a "second or successive *motion*" – that is, a second or successive motion to vacate a sentence under § 2255.  Hence, § 2255(h) does not apply to § 2241 habeas corpus *petitions*, assuming the prisoner raises claims properly brought under the latter provision.

district court.

**AFFIRMED**.