[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13974
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00079-WLS-TQL


RICHARD E. TRICE BEY,

Petitioner-Appellant,

versus

WARDEN, FCI BENNETTSVILLE SC,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 7, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

On June 9, 1992, Richard E. Trice Bey was convicted under 18 U.S.C. § 922(g)(1), felon in possession of a firearm, and sentenced to prison for a term of 120 months.  After suffering adverse rulings on previous motions for post-conviction relief under 28 U.S.C. § 2255, he petitioned the District Court to issue a writ of habeas corpus under 28 U.S.C. § 2241.  In his petition,  he requested the vacation of his § 922(g)(1) conviction on the ground that the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. __, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), constituted an intervening change in the law that made § 922(g)(1) inapplicable to his case.  The District Court denied his petition.  He appeals the  ruling.

Trice Bey raised the same *Carachuri-Rosendo* argument in an application to file a successive § 2255 motion.  We denied that application on March 1, 2012, and explained that the Supreme Court did not make *Carachuri-Rosendo* retroactive to cases on collateral review.  Trice Bey argues that our denial of that application makes § 2255 inadequate to test the legality of his detention and thus, under the savings clause of 28 U.S.C. § 2255(e), he should be permitted to raise his claim in a § 2241 petition.

Normally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255.  *Darby*, 405 F.3d at 944; *Sawyer v. Holder*, 326 F.3d 1363,1365 (11th Cir. 2003)  Under § 2255,

2

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  However, a provision of § 2255 permits a federal prisoner, under limited circumstances, to file a habeas petition pursuant to § 2241.

*Id.* § 2255(e).  That provision, known as the "savings clause," provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.*

"A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a)." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008).  "It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper."  *Id.*  Thus, "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."  *Id.* at 1352.

3

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b), 2255(h).  The statutory bar on successive § 2255 motions, standing alone, does not render that section inadequate or ineffective within the meaning of § 2255(e)'s savings clause.  *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S.Ct. 1001 (2012).  Consequently, a petitioner who has filed a § 2255 motion that has been denied may not circumvent the restriction on successive § 2255 motions simply by filing a petition under § 2241.  *Antonelli*, 542 F.3d at 1351.

Trice Bey's claim collaterally attacks the validity of his underlying conviction and sentence, and thus falls within the scope of a § 2255 motion. *Antonelli*, 542 F.3d at 1351 n.1, 1352.  He asserts that the restriction on successive § 2255 motions makes that provision inadequate in his case.  But the successive application restriction, standing alone, does not render § 2255 ineffective or inadequate within the meaning of § 2255(e)'s savings clause.  *Gilbert*, 640 F.3d at 1308.  Accordingly, the district court properly denied Trice Bey's § 2241 petition.

AFFIRMED.