[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10157
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00596-JDW-PRL

HERNANDEZ DANIELS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 18, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Hernandez Daniels, a pro se federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2241 federal habeas corpus petition challenging the legality of his sentence in light of DePierre v. United States, 131 S.Ct. 2225 (2011). Daniels, who previously had filed an unsuccessful 28 U.S.C. § 2255 motion to vacate, claimed in his § 2241 petition that his sentence for a crack cocaine offense was unlawful because DePierre ruled that the term "cocaine base" in 21 U.S.C. § 841(b)(1)(A)(iii) was not synonymous with crack cocaine. The district court dismissed his petition after concluding that the claim did not satisfy the 28 U.S.C. § 2255(e) savings clause because Daniels had not shown that DePierre applied retroactively or rendered him actually innocent of his offenses. On appeal, Daniels argues that: (1) he could bring a petition under § 2241 because he satisfied the three-part test in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), and, therefore, had shown that the savings clause applied to his claim; (2) based on the Supreme Court's narrow interpretation of "cocaine base" in DePierre, he stands convicted of an offense involving a "non-existent substance" because his indictment misrepresented the nature of his charges by stating that "cocaine base" was commonly known as crack; and (3) his conviction violates the Due Process Clause because he is actually innocent, and that he is entitled to an evidentiary hearing. After thorough review, we affirm.

2

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).

The "savings clause" of § 2255(e), however, permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241. Sawyer, 326 F.3d at 1365. Under the savings clause, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). We recently held that the savings clause is a jurisdictional provision, meaning that a petitioner must show that § 2255 is "inadequate or ineffective" before the district court has jurisdiction to review the § 2241 petition. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339-40 (11th Cir. 2013).

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from us before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h). Standing alone, the restrictions on successive §

3

2255 motions do not render that section "inadequate or ineffective" within the meaning of the savings clause. Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 1001 (2012). Consequently, a petitioner who has filed a previous § 2255 motion and been denied may not circumvent the Antiterrorism Effective Death Penalty Act's ("AEDPA") successive-motion rule simply by filing a petition under § 2241. Id. While the scope of the § 2255(e) savings clause has not been fully defined, we've noted, in dicta, that a petitioner meets the requirements of the savings clause when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed the claim at the time it otherwise should have been raised at the petitioner's trial, on appeal, or in his first § 2255 motion. Wofford, 177 F.3d at 1244; see also Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333-34 (11th Cir. 2013) (noting that the Wofford test was dicta).

In Williams, we recently interpreted Wofford's holding as establishing two necessary, if not sufficient, conditions for a sentencing claim to be viable under § 2255(e)'s savings clause. 713 F.3d at 1343-44. First, the claim must be based on a retroactively applicable Supreme Court decision. Id. Secondly, the Supreme Court "must have overturned a circuit precedent that squarely resolved the claim so

that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id.  As a result, a petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. Wofford, 177 F.3d at 1244 n.3. "Even if a petitioner succeeds in making Wofford's three-part showing, he would then need to demonstrate 'actual innocence' of the crime for which he was convicted to demonstrate an entitlement to relief."  Turner, 709 F.3d at 1334 n.2.  Actual innocence means factual innocence, not legal insufficiency.  Bousley v. United States, 523 U.S. 614, 623 (1998).

Here, the district court did not err in dismissing Daniels's petition.  The claim that Daniels raises in his § 2241 petition addresses the legality of his sentence, not the execution of his sentence, and, therefore, it was within the scope of § 2255, not § 2241.  See Sawyer, 326 F.3d at 1365.  Because Daniels already filed a § 2255 motion that was denied, he was not permitted to circumvent the statutory restriction on successive § 2255 motions by filing a petition under § 2241.  See Gilbert, 640 F.3d at 1308.  In order to proceed under § 2241, Daniels needed to show that § 2255 was "inadequate or ineffective" to challenge the legality of his detention.  28 U.S.C. § 2255(e).

Daniels's reliance on the Supreme Court's decision in DePierre to argue that § 2255 is "inadequate and ineffective" to challenge the legality of his detention is

5

unavailing.    Contrary to Daniels's contentions, DePierre did not narrow the interpretation of § 841(b)(1)(A)(iii) and hold that "cocaine base" can never be "crack cocaine," but instead held that "cocaine base" includes not only "crack cocaine," but all cocaine in its chemically basic form.  See DePierre, 131 S.Ct. at 2237 ("[T]he term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form.").  Accordingly, DePierre did not decriminalize Daniels's conduct, nor indicate that he was convicted of a non-existent offense or a "non-existent substance."  See Wofford, 177 F.3d at 1244.  In any event, DePierre did not overturn "a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion," since it merely involved the interpretation of a substantive criminal statute.  See Williams, 713 F.3d at 1343-44; see also DePierre, 131 S.Ct. at 2237.

Finally, although Daniels argues that his conviction violates the Due Process Clause because he is actually innocent and that he was entitled to an evidentiary hearing, these arguments are moot because he has not met the threshold requirement for showing that the § 2255(e) savings clause applies.  Since Daniels fails to show that his claim satisfied the savings clause, he cannot proceed under § 2241.  See 28 U.S.C. § 2255(e); Sawyer, 326 F.3d at 1365.  In short, the district

6

court did not have jurisdiction over Daniels's § 2241 petition, and did not err in dismissing the petition.  See Williams, 713 F.3d at 1339-40.

**AFFIRMED.**