[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15459
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20313-JLK

JORGE LUIS BENITEZ,

Petitioner-Appellant,

versus

WARDEN, FCI MIAMI,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2014)

Before WILSON, HILL, and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Luis Benitez appeals the district court's dismissal of his *pro se* habeas corpus petition filed pursuant to 28 U.S.C. § 2241, challenging his 1997 convictions and total 360-month sentence on drug-related charges. His petition raises multiple grounds for relief, based on his assertion that he has new evidence that witnesses engaged in a conspiracy to give perjured testimony during grand jury proceedings, so as to ensure Benitez was indicted. Benitez asserts that, as a result of the conspiracy, his indictment was illegal, the trial jury was given improper instructions, and the government engaged in prosecutorial misconduct when they failed to inform the court about the conspiracy.

Prior to the instant § 2241 petition, Benitez had filed in the Southern District of Florida a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the court denied in 2001. In 2004, while confined in the Middle District of Florida, Benitez filed in that court a habeas petition pursuant to § 2241. The court dismissed that petition with prejudice, concluding that he had failed to invoke the "savings clause" of § 2255(e). In 2005, Benitez returned to the Southern District of Florida to file a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which again the court denied.

The district court correctly dismissed the instant § 2241 petition. First, the court held that § 2241 was not an appropriate starting place for filing Benitez's

2

claims.  Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under 28 U.S.C. § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).  The claims raised in Benitez's petition did not address the execution of his sentence, but its legality, as he contended that his convictions and sentences resulted from an illegal indictment, improper jury instructions, and prosecutorial misconduct. Therefore, § 2255, not § 2241 was the appropriate statutory vehicle for Benitez's claims.

Construing Benitez's petition as one under § 2255, however, gets him no further.  First, as Benitez has already filed and prosecuted an initial § 2255 motion attacking his convictions, and that motion has been denied with prejudice, he was required to obtain authorization from this court in order to file a second or successive motion.  *See* § 2244(b)(3)(A).  Benitez did not do this.  Therefore, the district court correctly held that it was without authority to review his claims.

Second, although Section § 2255(e) permits a federal prisoner attacking custody resulting from a federally imposed sentence to file a habeas petition pursuant to § 2241, the circumstances under which such action is appropriate are extremely limited.  *See Sawyer*, 326 F.3d at 1365.  Under the "savings clause" of §

3

2255, a court may entertain a § 2241 petition only if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Furthermore, this "savings clause" is jurisdictional; a petitioner must satisfy its requirement that § 2255 be "inadequate or ineffective" *before* the district court has jurisdiction to review the § 2241 petition. *Williams v. Warden*, *Fed. Bureau of Prisons*, 713 F.3d 1332, 1339-40 (11th Cir. 2013). Nor do these limitations themselves render § 2255 inadequate or ineffective to afford review of a petitioner's claims. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc). Consequently, a petitioner who has filed a previous § 2255 motion and been denied may not simply file a petition under § 2241. *Id.* A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999);

In two recent cases, we have discussed the requirements for successful invocation of the savings clause. In both *Williams*, 713 F.3d at 1343, and *Bryant v. Warden*, 738 F.3d 1253, 1274 (11th Cir. 2013), we held that a petitioner must be able to demonstrate, *inter alia*, that his claim relies on a retroactively applicable Supreme Court decision. Although neither of these cases concerned challenges to the underlying conviction, as here, both require petitioners to "open the portal" to § 2241 review by basing their claims upon retroactively applicable Supreme Court

decisions.  We hold that this requirement extends to Benitez's claims challenging the validity of his conviction.

None of the cases relied upon by Benitez in his brief on appeal qualify as retroactively applicable Supreme Court decisions.  The only Supreme Court case relied upon in his initial petition that post-dates his conviction is *Neder v.United States*, 527 U.S. 1 (1999), and this case has never been held to be retroactive to cases on collateral review, and we decline to do so. *See Teague v. Lane*, 489 U.S. 288 (1989) (requiring that case either place certain primary conduct beyond proscription or be a watershed rule of criminal procedure).

Benitez has failed to show that his claim is based upon a retroactively applicable Supreme Court decision.  Therefore, he is not entitled to savings clause relief from the bar to a successive § 2255 motion and he is not entitled to proceed under § 2241.  Accordingly, the district court did not have jurisdiction over his § 2241 petition, and did not err in dismissing his petition.  The judgment of the district court dismissing this case is therefore

AFFIRMED.