[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10633
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00150-LGW-JEG

JAMES GADDY,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 24, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

James Gaddy, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for failure to satisfy 28 U.S.C. § 2255(e)'s savings clause.  On appeal, Gaddy argues that he can

raise his illegal-sentence claim under § 2241 because § 2255 is an inadequate and ineffective remedy.  After careful review, we affirm.

We review de novo whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e).  Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013).  The applicability of the savings clause is a threshold jurisdictional issue that must be decided before the court reaches the merits of the petitioner's claims.  Id.

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).

The "savings clause" of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241 if the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Bryant, 738 F.3d at 1262.  The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  Bryant, 738 F.3d at 1262.  In Bryant, we held that to show that a prior § 2255 motion was inadequate or ineffective to test the legality of his detention, a petitioner challenging his sentence must satisfy a five-part test: (1)

throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent squarely foreclosed the claim raised in the § 2241 petition so that the petitioner did not have a genuine procedural opportunity for review; (2) the Supreme Court overturned that binding precedent after the petitioner's first § 2255 proceeding; (3) that Supreme Court decision applies retroactively to cases on collateral review; (4) as a result of that Supreme Court decision, the petitioner's sentence exceeds the statutory maximum sentence; and (5) the savings clause of § 2255 reaches the petitioner's claim. Id. at 1274.

Here, the district court did not err in concluding that Gaddy failed to satisfy the savings clause and that it did not have jurisdiction to hear the merits of his § 2241 claims. For starters, Gaddy did not point to any binding precedent that squarely foreclosed him from raising his ineffective-assistance-of-counsel claim, or his claim that his sentence exceeded the mandatory guideline sentence, in prior proceedings. Nor did he argue, much less identify, any retroactively applicable Supreme Court decision that overturned any relevant precedent. While Gaddy argues that a § 2255 remedy was "inadequate or ineffective" because the district court had not converted his 2012 "motion to reopen" into a § 2255 motion, this fact did not establish that he did not have a genuine procedural opportunity to raise his claims at sentencing, direct appeal, or in a timely filed § 2255 motion. See id.

**AFFIRMED**.

3