[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13072
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cv-00035-WTH-PRL

ROOSEVELT DAVIS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 16, 2016)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Roosevelt Davis, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus.  On appeal, Davis argues that the district court erred in denying Davis's § 2241 petition seeking credit for time served while in state custody.  After careful review, we affirm.[1]

We review <u>de novo</u> the district court's denial of a § 2241 petition.  <u>Santiago-Lugo v. Warden</u>, 785 F.3d 467, 471 (11th Cir. 2015).

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.  18 U.S.C. § 3585(a).  The manner in which a state chooses to impose and execute its sentences does not affect the sovereign right of the United States to impose and execute its sentences in the manner deemed appropriate by the federal courts and federal authorities.  <u>See</u> <u>Finch v. Vaughn</u>, 67 F.3d 909, 915 (11th Cir.1995).  If a prisoner starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the federal government -- whether the district court or the Bureau of Prisons ("BOP") -- that decides whether he will receive credit for the time served in state custody.  <u>Setser v. United States</u>, 132 S. Ct. 1463, 1471 (2012).  A defendant will be given credit toward the service of a term of imprisonment for any time he has spent in official

---

[1] Nevertheless, Appellant's Motion to Supplement the Record is GRANTED.

detention prior to the date the sentence commences that has not been credited against another sentence.  18 U.S.C. § 3585(b).

The Attorney General, through the BOP, is responsible for computing a prisoner's sentence and applying and administering prior custody credits pursuant to 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 333-35 (1992). The BOP has the authority to retroactively designate where a prisoner will serve his term of imprisonment, and may assign a prisoner to serve his federal sentence in a state correctional facility.  See 18 U.S.C. § 3621(b).  In making this determination, the BOP considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence, and any relevant departmental policy statement.  See 18 U.S.C. § 3621(a)(2)-(5).  The BOP must also discern the sentencing court's intent by considering the Judgment and Commitment Order, the court's recommendation of nonfederal confinement in that Order, the court's determination as to whether the sentence should be concurrent or consecutive, the court's indication that it does not object to the nunc pro tunc designation, and the court's indication that it has no objection to the service of the federal and state sentences concurrently.  See Federal BOP Program Statement 5160.05(9)(b) (Jan. 16, 2003).  Ordinarily, courts presume that public officials have properly discharged their official duties.  Bracy v. Gramley, 520 U.S. 899, 909 (1997).

A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). Collateral attacks on the validity of a federal sentence must be brought under § 2255. Darby v. Hawk–Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005). Section 3553 directs sentencing courts to consider certain factors when imposing a sentence. 18 U.S.C. § 3553. However, the Bureau is not charged with applying § 3553(a). Setser, 132 S. Ct. at 1470.

Here, the BOP correctly determined that Davis's term of imprisonment for his federal sentence began on February 11, 2011 when he entered federal custody. 18 U.S.C. § 3585(a). Even though the state court informed the federal authorities that they could take custody of Davis prior to the expiration of his Dixie County sentence based on the Dixie County court's determination that the state sentence would run concurrently with the federal sentence, the state has no authority to order commencement of a federal sentence. See Federal BOP Program Statement 5160.05(7)(g); Finch, 67 F.3d at 915. It is the right of the United States to impose and execute its sentences in the manner deemed appropriate by the federal courts and federal authorities. See Finch, 67 F.3d at 915. It was also proper for the federal government to decide whether Davis would receive credit for the time served in state custody. See Setser, 132 S. Ct. at 1471. In any event, Davis was

4

appropriately not given credit for the time he spent in state detention prior to February 11, 2011 because it had been credited against another sentence -- his state sentence imposed in Dixie County.  See 18 U.S.C. § 3585(b).

While the BOP had the authority to retroactively designate Davis's state term of imprisonment as federal imprisonment, it was not required to do so.  See 18 U.S.C. § 3621(b).  Rather, the decision fell within the BOP's discretion based on multiple factors, including the sentencing court's recommendation.  See 18 U.S.C. § 3621(a)(2)-(5); Federal BOP Program Statement 5160.05(9)(b).  In the letters to the district courts, the BOP indicated its intent to review all relevant factors under 18 U.S.C. § 3621(b) before a designation and its intention to administer sentences in accordance with federal statutes, BOP policy, and the intent of the sentencing court.  Davis has offered no evidence that the BOP did not follow federal law or its own policy when determining not to grant retroactive designation.  Because the decision was within the BOP's discretion, courts presume that public officials have properly discharged their official duties, and there was no evidence to the contrary, the district court correctly determined that the BOP did not abuse its discretion by denying retroactive designation.  See Bracy, 520 U.S. at 909.

Lastly, Davis's claim that consecutive treatment of his Dixie County sentence was a procedural and substantive sentencing violation pursuant to 18

U.S.C. § 3553(a) fails, regardless of whether he raised it before the district court. Here, the district court did not impose a consecutive sentence. Rather, the BOP only administered the terms of imprisonment as imposed by the sentencing court and determined that it would not retroactively designate Davis's state imprisonment as federal imprisonment, as permitted within its discretion. At no point was the BOP required to consider § 3553(a) factors. See 18 U.S.C. § 3553; Setser, 132 S. Ct. at 1470. Therefore, any challenge to the imposition of a sentence based on § 3553(a) factors is necessarily an attack on the legality of the sentence since only the district court applies them when sentencing. See id. Because the extent to which the sentencing court considered the § 3553(a) factors does not go to the execution of the sentence, it cannot be properly raised in the § 2241 petition. See Antonelli, 542 F.3d at 1352 n.1. Accordingly, we affirm.

**AFFIRMED**.