[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12002
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02802-WSD

DARNELL SHEPHERD,

Petitioner-Appellant,

versus

WARDEN, USP - ATLANTA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 31, 2017)

Before TJOFLAT, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Darnell Shepherd, a pro se federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus. No reversible error has been shown; we affirm.

In November 2001, a New York state court sentenced Shepherd to five years in prison for committing assault in the first degree. Shepherd was paroled in September 2005 after serving four years, three months, and ten days of his state sentence.

A year later, Shepherd was arrested and indicted on federal charges of drug conspiracy and Racketeering Influenced and Corrupt Organizations Act ("RICO") conspiracy. Shepherd was convicted of both offenses. The jury found that Shepherd committed eight predicate RICO acts, one of which -- conspiracy to murder -- was based on the same conduct underlying Shepherd's state assault conviction. Shepherd was sentenced to 210 months' imprisonment for the drug conspiracy and to 210 months' imprisonment for the RICO conspiracy, to run concurrently.

In his section 2241 petition, Shepherd asserted that the Bureau of Prisons ("BOP") erred in computing his prior custody credit. Shepherd argued that --

2

because the assault for which he was sentenced in state court also served as a predicate act for his federal RICO conspiracy conviction -- the time he served in state custody should have been credited toward his federal sentence. The district court denied Shepherd's petition.

We review de novo the district court's denial of a section 2241 petition. Santiago-Lugo v. Warden, 785 F.3d 467, 471 (11th Cir. 2015). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Attorney General, through the BOP, is responsible for computing a prisoner's sentence, including applying prior custody credits pursuant to 18 U.S.C. § 3585(b). United States v. Wilson, 112 S. Ct. 1351, 1354-55 (1992). Under section 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b) (emphasis added). In construing this statutory language, the Supreme Court has said that "Congress made clear that a defendant could not receive a double credit for his detention time." See Wilson, 112 S. Ct. at 1355-56. BOP policy also provides in pertinent part that "[c]redit will not be given for any

3

portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Federal BOP Program Statement 5880.28 at 1-17.[*]

Because the four years, three months, and ten days Shepherd spent in state custody were already credited towards Shepherd's state sentence for first degree assault, that time cannot also now be credited towards Shepherd's federal RICO sentence. See 18 U.S.C. § 3585(b); Wilson, 112 S. Ct. at 1355-56.

Shepherd also argues that he has been punished twice for the same offense, in violation of the Double Jeopardy Clause. To the extent Shepherd attempts to attack the validity -- not just the execution -- of his federal sentence, that claim cannot be raised properly in a section 2241 petition. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."). Collateral attacks on the validity of a federal sentence must be brought, instead, under 28 U.S.C. § 2255. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Moreover, Shepherd's double jeopardy claim also would fail on the merits because -- although the underlying conduct was the same -- Shepherd's convictions are for separate offenses that were prosecuted by two different sovereigns. See, e.g., Heath v. Ala., 106 S. Ct. 433, 439 (1985) (stressing

---

[*] Shepherd also contends he is entitled to relief based on BOP policy 5880.30. That provision, however, applies only to offenses that occurred before 1 November 1987 and, thus, is inapplicable here. See Federal BOP Program Statement 5880.30 at I-1.

4

that "two identical offenses are *not* the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns.").

The district court committed no error in denying Shepherd's section 2241 petition; we affirm.

AFFIRMED.