[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13344
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00673-WTH-PRL

KINGSLEY BERNARD,

Petitioner-Appellant,

versus

FCC COLEMAN WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2017)

Before TJOFLAT, HULL, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Kingsley Bernard, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition.  On appeal, Bernard argues that he satisfies the requirements of the § 2255(e) saving clause because Eleventh Circuit precedent previously foreclosed his claim.  After a review of the record and consideration of the parties' briefs, we affirm.

We review *de novo* whether a prisoner may bring a petition for a writ of habeas corpus under the saving clause of § 2255(e).  *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, No. 12-14989, manuscript op. at 6 (11th Cir. Mar. 14, 2017) (*en banc*).

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).   Challenges to the execution of a sentence, rather than to its validity, are properly brought under § 2241.  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).  However, the "saving clause" of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241 if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e); *see also McCarthan*, No. 12-14989, manuscript op. at 7-8.

We recently overruled our prior precedents regarding the saving clause and established a new test for when prisoners can proceed under § 2241.  *McCarthan*,

2

No. 12-14989, manuscript op. at 35-36, 53.  Looking to the text of the saving clause, we determined that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion.  *Id.* at 17-35.  If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation.  *Id.* at 19-22.  A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances.  *Id.* at 36.  Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.  *Id.* at 35-36.

In this case, Bernard does not satisfy the new *McCarthan* test for proceeding under the saving clause.  Bernard could have brought his § 2241 claims in his first § 2255 motion.  *See id.* at 17-35.  Although the district court dismissed his first § 2255 motion as untimely and Bernard currently argues that circuit precedent previously foreclosed his claim, those circumstances did not prevent Bernard from testing the legality of his detention using § 2255.  *See id.* at 19-22.  Moreover, Bernard does not challenge the execution of his sentence, his sentencing court is

3

not unavailable, and practical considerations will not prevent him from filing a

§ 2255 motion in the Eastern District of New York.  *Id.* at 35-36.  Indeed, Bernard

has already filed two such motions in that court.

**AFFIRMED.**