[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15368
Non-Argument Calendar
_____

D.C. Docket No. 7:15-cv-01301-JHH-JHE


JANICE SUE TAYLOR,

Petitioner-Appellant,

versus

A. WASHINGTON ADDUCI,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 22, 2017)


Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Janice Taylor, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of her 28 U.S.C. § 2241 habeas corpus petition.   The district court determined that she did not meet the requirements of the 28 U.S.C. § 2255(e) saving clause, and that she previously filed a § 2255 motion in 2012.  On appeal, Taylor argues that she can bring a habeas challenge under § 2241 because she challenges the illegality of her detention.  As to the merits, Taylor argues the trial court: (1) abused its discretion in denying a continuance shortly after she retained replacement counsel, forcing her to represent herself; (2) violated her Sixth Amendment right to cross-examine a witness when it denied her request to subpoena the author of an IRS assessment; (3) violated her rights under the Double Jeopardy Clause at sentencing by imposing additional punishment for a lesser included offense; and (4) abused its discretion by imposing restitution that was not authorized by statute.

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).   "[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).  The saving clause of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241 if the petitioner establishes that the remedy provided for under § 2255 is

2

inadequate or ineffective to test the legality of her detention.  28 U.S.C. § 2255(e); *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).

"To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim." *McCarthan*, 851 F.3d at 1086.  We determine "whether the prisoner would have been permitted to bring that claim in a motion to vacate." *Id.* at 1086-87.  "In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." *Id.* at 1087.

In this case, the district court did not err in concluding that Taylor failed to satisfy the saving clause, and thus that it did not have jurisdiction to hear the merits of Taylor's claims under § 2241.  Taylor had an opportunity to bring all four issues listed above in her earlier § 2255 motion, and thus her "remedy by motion was not inadequate or ineffective to test the legality of [her] detention."  28 U.S.C. § 2255(e).  Thus, we affirm the dismissal of Taylor's petition for a writ of habeas corpus.

**AFFIRMED.**