[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12571-G
_____

IN RE: FELIX M. PALACIOS,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: WILSON, ROSENBAUM and NEWSOM, Circuit Judges.

B Y  T H E  P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Felix M. Palacios has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, Palacios raises one claim. He relies on a "new rule of constitutional law," as announced in *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019), to challenge his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). He argues that his conviction and sentence under § 922(g) should be vacated because the government did not prove—as he argues *Rehaif* requires—that he knew he possessed a firearm or that he knew he was a felon when he possessed the firearm. Additionally, Palacios asks this Court to hold his application in abeyance until the Supreme Court makes its holding in *Rehaif* retroactively applicable to cases on collateral review.

Here, Palacios's claim fails to meet the statutory criteria, and this Court should deny it. *See* 28 U.S.C. § 2255(h)(2). His claim relies solely on *Rehaif*, which did not announce a "new rule of constitutional law," but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) *and* 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g). *Rehaif*, 139 S. Ct. at 2195-96 (emphasis added). Moreover, even if *Rehaif* had announced a new rule of constitutional law, as Palacios concedes in his application, it was not made retroactive to cases on collateral review by

2

the Supreme Court.   *See Tyler v. Cain*, 533 U.S. 656, 661-66 (2001).

Accordingly, Felix M. Palacios has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, and his application for leave to file a second or successive motion is hereby DENIED.

ROSENBAUM, Circuit Judge, concurring:

Palacios wishes to raise a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), seeking to vacate his conviction under 18 U.S.C. §§ 922(g) and 924(a)(2), based on the assertion that the government failed to allege and prove he had knowledge he possessed a firearm and was a felon. I concur in the panel's order because I must: Palacios's claim is not cognizable under 28 U.S.C. § 2255(h), since it involves only a new rule of statutory law, not constitutional law. And in this Circuit, Palacios's claim is not cognizable under 28 U.S.C. § 2255(e), either, because under *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1093 (11th Cir. 2017) (*en banc*), by which we are bound, we held that a prisoner may file a second or successive claim for habeas relief, challenging his conviction through that subsection only when the sentencing court is unavailable.[1]

---

[1] I agree that a prisoner may perhaps be able to use § 2255(e) to challenge his conviction when the sentencing court is unavailable. But I firmly disagree that this circumstance stands alone as the only one where a prisoner can use § 2255(e) to challenge his conviction. Were that the case, § 2255 would preclude the filing of certain habeas claims, such as the one at issue here, that appear to be constitutionally required under the Suspension Clause. *See McCarthan*, 851 F.3d at 1121-58 (Rosenbaum, J., dissenting); *see also infra*. In *McCarthan*, we also said a prisoner may file a second or successive claim under § 2255(e) to challenge the execution of his sentence. *McCarthan*, 851 F.3d at 1092-93. I continue to believe this aspect of our ruling in *McCarthan* is also demonstrably wrong. Among other reasons, 28 U.S.C. § 2241, by its terms, already permits such claims to be brought without reference to § 2255, so reading § 2255(e) to allow execution-of-sentence claims would render it surplusage. *See McCarthan*, 851 F.3d at 1128-19, 1148 (Rosenbaum, J., dissenting); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."). Of course, that aspect of our decision in *McCarthan* is not relevant to the pending application for an order seeing authorization to file a

4

I write separately, though, because I continue to believe that *McCarthan* is incorrect as a matter of law, and new rules of statutory law that are retroactively applicable must be cognizable under 28 U.S.C. § 2255(e), § 2255's constitutional-failsafe provision.  As I have previously explained, *see McCarthan*, 851 F.3d at 1121-58 (Rosenbaum, J., dissenting), § 2255(e), known as the saving clause, serves as a failsafe mechanism to protect § 2255 from unconstitutionality by providing a substitute remedy for habeas corpus relief that § 2255 otherwise precludes but the Suspension Clause may require.  Retroactively applicable new rules of statutory law, such as the one articulated in *Rehaif*, present claims that fall into that category.

To understand why, we need look no further than *Bailey v. United States*, 516 U.S. 137 (1995), and *Bousley v. United States*, 523 U.S. 614 (1998).  In *Bailey*, the Supreme Court construed 18 U.S.C. § 924(c)(1), which, at the time, imposed a prison term upon a person who "during and in relation to any   . . . drug trafficking crime . . . uses or carries a firearm," to require evidence that the defendant actively employed the firearm during and in relation to the predicate crime.  *Bailey*, 516 U.S. at 142-43.  Previously, some courts had interpreted the provision to require evidence of only accessibility and proximity of a firearm during a drug-trafficking crime, not of

---

second or successive motion to vacate, set aside, or correct factual sentence, so I do not discuss it further.

active employment.

Based on *Bailey*'s reading of § 924(c)(1), the Supreme Court identified *Bailey* as a "decision[] of this Court holding that a substantive federal criminal statute does not reach certain conduct" and determined that pre-*Bailey* applications of § 924(c)(1) "necessarily carr[ied] a significant risk that a defendant st[ood] convicted of an act that the law does not make criminal." *Bousley*, 523 U.S. at 620 (cleaned up). That, the Supreme Court explained, presented a constitutional problem, "[f]or under our federal system it is only Congress, and not the courts, which can make conduct criminal." *Id.* at 620-21. So, the Supreme Court summarized, "it would be inconsistent with the doctrinal underpinnings of habeas review to preclude [a prisoner] from relying on our decision in *Bailey* in support of his claim that his guilty plea [to § 924(c)(1)] was constitutionally invalid. *Id.* at 621. As a result, the Supreme Court determined that *Bailey*'s new rule of statutory law was necessarily retroactively applicable under *Teague v. Lane*'s[2] conclusion establishing the retroactivity of new substantive rules. *See id.* at 620-21.

Precisely the same is true of a *Rehaif* claim. In *Rehaif*, the Supreme Court considered what the government must prove in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2). As relevant here, § 924(a)(2) provides that "[w]hoever

---

[2] 489 U.S. 288 (1989).

6

knowingly violates" § 922(g) "shall be" subject to penalties of up to 10 years' imprisonment.  Section 922(g) then states it "shall be unlawful for any person . . . , being an alien . . . illegally or unlawfully in the United States," to "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g).  Before the Supreme Court issued *Rehaif*, some courts, including ours, construed these provisions to mean that the government did not have to prove that the defendant knew he was in the country illegally in order to obtain a conviction.  But in *Rehaif*, the Supreme Court concluded that the statutory text requires the government to prove that the defendant knew he was unlawfully in the country in order to convict the defendant under these provisions.  *Rehaif*, 139 S. Ct. at 2195-96.

*Rehaif* announced the same type of new rule of statutory law that *Bailey* did. In both cases, the Supreme Court issued a "decision[] . . . holding that a substantive federal criminal statute does not reach certain conduct" that, before the applicable Supreme Court decision, courts routinely applied to reach the non-covered conduct. *See Bousley*, 523 U.S. at 620.  As a result, as the Court determined in *Bousley* with respect to pre-*Bailey* applications of § 924(c)(1), pre-*Rehaif* applications of §§ 922(g) and 924(a)(2) "necessarily carr[y] a significant risk that a defendant stands convicted of an act that the law does not make criminal."  *Id.*  And "it would be [just as] inconsistent with the doctrinal underpinnings of habeas review to preclude

7

[a prisoner] from relying on [the Supreme Court's] decision in [*Rehaif*] in support of his claim that his [conviction under §§ 922(g) and 924(a)(2)] was constitutionally invalid," *id.* at 621, as the Supreme Court determined it would be to preclude a prisoner from invoking *Bailey* to support his habeas claim that his conviction under § 924(c) was invalid.

In short, *Bailey* and *Bousley* demand the conclusion that *Rehaif* announced a new rule of substantive law that is necessarily retroactively applicable under *Teague*. *See also Montgomery v. Louisiana*, 136 S. Ct. 718, 729-31 (2016) ("substantive rules must have retroactive effect regardless of when the defendant's conviction became final"). That means a prisoner with a *Rehaif* claim must be able to seek habeas relief. And because a prisoner has no way under § 2255(h) to bring a second or successive claim based on *Rehaif*, he must be able to do so under § 2255(e), or § 2255 would be in serious jeopardy of violating the Suspension Clause. *See McCarthan*, 851 F.3d at 1121-58 (Rosenbaum, J., dissenting); *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170 (3d Cir. 2017) (explaining that new rules of statutory law are necessarily retroactively applicable to habeas claims under 28 U.S.C. § 2255(e)).

Yet when a prisoner raises a *Rehaif* claim to set aside his conviction and asserts that the government failed to allege and prove that he had knowledge of the

8

requisite elements of the crime charged, *McCarthan* prevents us from complying with the constitutional requirement that such a claim be cognizable in habeas on a second or successive petition where the petitioner has not previously had a meaningful opportunity to bring such a claim.   I therefore continue to believe *McCarthan* is wrong.   But since it unquestionably binds us here, I regretfully concur in the order denying authorization to present a second or successive claim.