[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10129

Non-Argument Calendar

_____

ROBERT MCKINNON, III,

Petitioner-Appellant,

*versus*

WARDEN, HOLMES CI,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cv-00629-SPC-PRL

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Robert McKinnon, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for habeas relief under 28 U.S.C. § 2241 for lack of jurisdiction. On appeal, McKinnon argues that the district court erred in finding that it lacked jurisdiction and that special circumstances concerning the violation of his due process rights demand immediate federal court review. Because the district court was correct in determining that it lacked jurisdiction, we affirm.

## I.

Questions about the district court's jurisdiction are reviewed *de novo*. *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998). We are obligated to *sua sponte* inquire into subject-matter jurisdiction whenever it may be lacking, regardless of whether the district court addressed specific jurisdictional issues. *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1351 (11th Cir. 1998). And a *pro se* litigant's pleadings are afforded liberal construction. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## II.

Under Section 2241, a state prisoner may bring a petition for habeas relief either in the federal district where he is in custody or within which "the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). A habeas petitioner is not "in

custody" under a conviction after the sentence imposed has fully expired, even if the prior conviction may be used to enhance the sentence imposed in subsequent convictions. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

A state prisoner seeking to file a successive habeas corpus petition must move the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to consider a successive habeas corpus petition. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Prisoners who seek to collaterally attack their convictions must satisfy the authorization requirement, no matter how their petition is captioned. *See Antonelli v. Warden*, 542 F.3d 1348, 1351 (11th Cir. 2008).

The district court was correct in determining that it lacked jurisdiction to review McKinnon's petition. Although his petition discusses convictions from Citrus County and Marion County, McKinnon is currently serving a term of incarceration in Washington County for convictions arising out of Alachua County, both of which are in the Northern District of Florida. Because McKinnon was convicted and incarcerated in counties outside the Middle District, the district court lacks jurisdiction to review the petition. *See* 28 U.S.C. § 2241(d).

The district court also lacked jurisdiction because the petition—despite being captioned under 28 U.S.C. § 2241—was an unauthorized successive collateral attack on McKinnon's convictions. *See Antonelli*, 542 F.3d at 1351; *Blue Cross & Blue Shield of Ala.*, 138

F.3d at 1351. McKinnon has filed multiple habeas petitions in both the Northern and Middle Districts attacking his Alachua County convictions without obtaining an order from our court authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see, e.g.*, *McKinnon v. Sec'y, Dep't of Corr.*, No. 1:16-CV-256-MP-GRJ, 2016 WL 6542874 (N.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. McKinnon v. Sec'y, Fla. Dep't of Corr.*, No. 1:16-CV-00256-MP-GRJ, 2016 WL 6542848 (N.D. Fla. Nov. 2, 2016) (explaining that McKinnon filed a Section 2254 petition in the Middle District attacking the Alachua County convictions, which was transferred to the Northern District and subsequently denied).

Accordingly, the district court properly dismissed McKinnon's petition for lack of jurisdiction.

**III.**

**AFFIRMED.**