[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-10047
Non-Argument Calendar

_____

D.C. Docket Nos. 1:12-cv-23909-UU,
1:07-cr-20534-UU-5

VIVENS DELORME,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2019)

Before MARCUS, WILLIAM PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Vivens Delorme, a federal prisoner proceeding pro se, appeals the district

court's denial of his self-styled motion for "Collateral Consequence" on the grounds

that it was an unauthorized second or successive motion to vacate his convictions and sentence under 28 U.S.C. § 2255.  The government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review questions of the district court's subject matter jurisdiction *de novo*. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).  "We may affirm for any reason supported by the record, even if not relied upon by the district court." *Id.* (quotation marks omitted).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence by asserting "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

---

[1] This Court is bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to file a second or successive § 2255 motion, a prisoner must first obtain authorization from our Court and must allege either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without authorization from our Court, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than to its validity, are properly brought under § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Typically, a petitioner who has filed a previous § 2255 motion may not circumvent the restriction on successive § 2255 motions simply by filing a petition under § 2241. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092 (11th Cir. 2017) (en banc). However, the "saving clause" of § 2255 permits a federal prisoner to file a habeas petition under § 2241 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *McCarthan,* 851 F.3d at 1081.

3

"The petitioner bears the burden of establishing that the remedy by motion was inadequate or ineffective to test the legality of his detention." *McCarthan,* 851 F.3d at 1081 (quotation marks omitted).

Rule 60(b) provides an avenue for a petitioner to seek relief from a final civil judgment on several narrowly defined grounds. Fed. R. Civ. P. 60(b). Rule 60(b) has a limited application in habeas proceedings and may not be used to circumvent the prohibition on filing a successive § 2255 motion without permission from our Court. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). A Rule 60(b) motion is properly treated as a successive § 2255 motion if it: "(1) "seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *See Williams*, 510 F.3d at 1293-94 (quotation marks omitted). A Rule 60(b) motion is not treated as a successive § 2255 motion if it attacks the integrity of the prior federal habeas proceedings, rather than the substance of the court's resolution of the claim on its merits. *See id.* at 1294.

Delorme previously filed a § 2255 motion that was denied with prejudice. Although his current motion that is the subject of this appeal was not styled as a § 2255 motion, the district court properly construed it as such. Delorme stated, both in his motion and in his brief on appeal, that he was attacking the validity of his convictions, which is not the proper use of a Rule 60(b) motion in a habeas case. *See Williams*, 510 F.3d at 1293-94. Moreover, Delorme's reiteration of the claims

4

he raised in his initial § 2255 motion further evinces his intent to challenge the validity of his convictions, and to challenge the resolution of his initial § 2255 proceedings, rather than to challenge the integrity of his initial § 2255 proceedings. *See id.* Similarly, to the extent Delorme alleges that he seeks to "reopen" his initial § 2255 proceedings, he has not argued that there were any procedural errors with those proceedings, which is the proper use of a Rule 60(b) motion in habeas proceedings. *See id.* at 1294 (stating that a Rule 60(b) motion is not treated as a successive habeas motion if it attacks the integrity of prior federal habeas proceedings).

To the extent Delorme's mentions of § 2241 can be construed as an intent to bring his claims under that statute instead, his motion would still be properly construed as a second or successive § 2255 motion. Because Delorme's claims attack the validity of his convictions and sentence, they are cognizable under § 2255. *See Sawyer*, 326 F.3d at 1365. Delorme has not raised any claims attacking the execution of his sentence, which is the typical use of a § 2241 petition. *See Antonelli*, 542 F.3d at 1352. Delorme may not use a § 2241 petition to circumvent the ban on second or successive § 2255 motions, and he has not alleged that his claims satisfy the saving clause of § 2255(e), though it is his burden to do so. *See McCarthan*, 851 F.3d at 1081, 1092.

5

Thus, because Delorme's motion was properly construed as a § 2255 motion, and he previously filed a § 2255 motion that was denied on the merits, he was required to obtain authorization from our Court before he filed his second § 2255 motion. *See* 28 U.S.C. § 2255(h). As he failed to do so, the district court should have determined that it lacked jurisdiction to consider his second or successive § 2255 motion and dismissed it without prejudice. *See Farris*, 333 F.3d at 1216. Instead, here, the district court denied Delorme's motion. Nonetheless, we may affirm on any ground supported by the record, and because Delorme would be required to seek permission from our Court to file another § 2255 motion regardless, the district court's denial will not prevent him from seeking further relief. *See* 28 U.S.C. § 2255(h); *see also Al-Arian*, 514 F.3d at 1189.

Thus, there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is GRANTED, and its motion to stay the briefing schedule is DENIED as moot.