[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11863

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK JOSEPH UNREIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:14-cr-00262-VMC-JSS-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Mark Joseph Unrein appeals the district court's denial of his motion for compassionate release. After careful consideration, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Unrein, now seventy years old, was convicted in 2015 of attempting to persuade a minor to engage in sexual activity and possessing child pornography. Unrein had exchanged emails and phone calls with an undercover police officer he thought was a woman who would allow him to have sex with her twelve-year-old daughter. Unrein told the officer that he'd previously engaged in sexual activity with a twelve-year-old and that having sex with her daughter would be a "dream come true."

Police arrested Unrein after he traveled to an address the undercover officer provided to him, where he'd planned to meet the girl and begin a sexual relationship with her. When police later searched Unrein's computer, they found over one hundred images of child pornography—including several images involving infants and toddlers.

After the jury convicted Unrein, the district court sentenced him to 151 months' imprisonment. We affirmed Unrein's conviction on direct appeal. *See United States v. Unrein*, No. 15-14787, 688 F. App'x 602 (11th Cir. 2017).

In 2022, Unrein moved for compassionate release under the First Step Act.  He explained that, besides other ailments, he'd been diagnosed with terminal, stage-4 non-Hodgkin's lymphoma but couldn't receive the treatment he wanted while imprisoned.  He also protested that he was innocent, claimed that the government had entrapped him and planted the child pornography on his computer, and argued he received ineffective assistance of counsel at trial.  The motion proposed he would live in an Ohio reentry facility and collect government benefits upon his release.  Unrein also attached to his motion a medical summary from May 2020 that confirmed his lymphoma diagnosis and stated he posed a "minimum" risk of recidivism.

The district court denied Unrein's motion.  Although Unrein's terminal condition potentially qualified him for compassionate release, the district court found he would still pose an "ongoing threat and danger to the community, particularly children," and shouldn't be released early.  It based this conclusion on (1) the nature and severity of Unrein's criminal behavior, (2) the fact that Unrein denied responsibility for his offenses, and (3) Unrein's failure to seek counseling or other psychological treatment for sex offender rehabilitation.

## STANDARD OF REVIEW

We review the denial of a compassionate relief motion for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making

the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911–12 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

## DISCUSSION

To be entitled to compassionate release under the First Step Act, Unrein had to show that: "(1) the [18 U.S.C. section] 3553(a) sentencing factors favor[ed] doing so, (2) there [were] 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The government concedes here, as it did below, that Unrein's cancer diagnosis is an extraordinary and compelling reason for compassionate release. *See* U.S.S.G. § 1B1.1, cmt. n.1(A)(i) (listing terminal illness as an extraordinary and compelling reason). But, the government contends, the district court did not abuse its discretion in determining that the section 3553(a) factors do not favor compassionate release. We agree.

Unrein told an undercover agent that it would be a "dream come true" to have a sexual relationship with a twelve-year-old, and admitted that he'd previously engaged in sex acts with "someone around the child's age." And he kept a large trove of child pornography that included sexually graphic images of infants and toddlers. Yet Unrein has not once taken responsibility for his actions. Instead, he protested before the district court that he was the real victim—of government entrapment and falsely planted evidence. We agree with the district court that, "despite Unrein's serious

medical condition, early release would not adequately reflect the seriousness of his crimes or promote respect for the law."

Unrein argues that the district court abused its discretion by overlooking his proposed reentry plan (living at a reentry facility and collecting government benefits), or the fact that the Bureau of Prisons assessed him a low recidivism risk. But the failure to specifically mention each piece of mitigating evidence does not mean that the district court abused its discretion in considering the section 3553(a) factors. *See United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010) ("Although Snipes argues that there were mitigating factors that the judge did not specifically mention at sentencing, these facts . . . do not compel the conclusion that the sentence crafted in accordance with the 18 U.S.C. [section] 3553(a) factors was substantively unreasonable."); *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) ("[A]lthough the district court's sentencing order made no mention of evidence that arguably mitigated in Amedeo's favor under [section] 3553(a), we cannot say that the court's failure to discuss this 'mitigating' evidence means that the court erroneously 'ignored' or failed to consider this evidence in determining Amedeo's sentence.").

Unrein also argues that he's innocent and he was only convicted because he was entrapped, evidence was planted, and his trial counsel was ineffective. But a prisoner cannot use section 3582(c) as a vehicle to collaterally attack his conviction or sentence. Rather, "a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence . . . ."

*Antonelli v. Warden, U.S.P. Atl.*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008).

Because the section 3553(a) factors did not favor compassionate release, the district court didn't abuse its discretion in denying Unrein's motion. *See United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021) (explaining that a defendant who doesn't meet each of *Tinker*'s three requirements is not entitled to compassionate release). So we affirm.

**AFFIRMED.**